Melvin Guardado GARCIA, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 12–60274
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 26, 2013.

Lawrence Erik Rushton, Rushton Law
Firm, Bellaire, TX, for Petitioner.

Donald Anthony Couvillon, Esq., Tan-
gerlia Cox, U.S. Department of Justice
Office of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before HIGGINBOTHAM, OWEN, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Melvin Guardado Garcia, a native and
citizen of El Salvador, petitions for review
of a final order of the Board of Immigra-
tion Appeals (BIA) dismissing his appeal
of the immigration judge's (IJ) final order
of removal and denial of a waiver of admis-
sibility under section 212(c) of the Immi-
gration and Nationality Act (INA). The
BIA agreed with the IJ's finding that Gar-
cia fraudulently obtained lawful permanent
resident (LPR) status through a material
misrepresentation and, as such, was not
eligible for a § 212(c) waiver.

Garcia contends that the Texas offense
of burglary of a habitation is a divisible
statute that encompasses acts that do and
do not qualify as acts of moral turpitude.
He further contends that neither the IJ or
the BIA conducted the proper analysis to
determine whether he was convicted under
a subsection of the Texas statute that con-
stituted a crime involving moral turpitude.
He thus asserts that the IJ's finding that
he committed fraud by not disclosing a
conviction for a crime of moral turpitude in
his application for an immigrant visa was
erroneous.

We review constitutional claims and
questions of law de novo. *Mai v. Gon-
zales,* 473 F.3d 162, 164 (5th Cir.2006).
We review factual determinations under
the substantial evidence standard and the
BIA's findings will not be reversed "unless
the evidence is so compelling that no rea-
sonable fact finder could fail to find other-
wise." *Lopez–Gomez v. Ashcroft,* 263 F.3d
442, 444 (5th Cir.2001) (internal quotations
and citations omitted).

Relief under § 212(c) may not be grant-
ed to an alien who "has not been lawfully
admitted for permanent residence." 8
C.F.R. § 1212.3(f)(1). The statutory
phrase "lawfully admitted for permanent
residence" does not apply to aliens who
"obtained their permanent resident status
by fraud, or had otherwise not been enti-
tled to it." *In re Koloamatangi,* 23 I & N
Dec. 548, 550 (BIA 2003). Contrary to
Garcia's assertion, the act of fraud the IJ
determined Garcia committed was his fail-
ure to disclose "his arrest and guilty plea"
to the crime of burglary of a habitation.
The BIA affirmed the IJ's finding that
Garcia's "failure to disclose his conviction
when he applied for an immigrant visa

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitute[d] a willful misrepresentation of a material fact." As the IJ determined, Garcia's felony burglary conviction would have rendered him ineligible to obtain LPR status at the time he filed his visa application. *See* INA § 245A(b)(1)(C), codified at 8 U.S.C. § 1255a(b)(1)(C) (requiring an alien seeking to adjust his status to show that he has not been convicted of a felony). Thus, Garcia's argument, which focuses on whether his burglary conviction constitutes a crime involving moral turpitude, is misplaced since it was not the only basis for finding Garcia removable and, as such, ineligible for a § 212(c) waiver. Garcia does not contest the existence of his burglary conviction, nor the IJ's finding that he "knowingly, willfully, or fraudulently" failed to disclose it in his immigrant visa application in order to obtain LPR status. Because Garcia misrepresented his criminal history and obtained his LPR status due to this misrepresentation, he was not "lawfully admitted for permanent residence." *See Koloamatangi*, 23 I & N Dec. at 550. As such, the BIA properly determined that Garcia was not statutorily eligible for a § 212(c) waiver. *See* § 1212.3(f)(1). Accordingly, his petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.